### 7071. BOOTH *v.* MAYER BOOT AND SHOE COMPANY.

BROYLES, J. 1. The undisputed evidence showing that the note sued upon was executed by the defendant (a married woman) for the debt of her husband, the verdict finding her liable thereon was contrary to law and the evidence. Park's Ann. Code, § 3007.

2. The charge complained of in the 6th ground of the amendment to the motion for a new trial was erroneous for the reason assigned, to wit, that it tended to place a more favorable construction, in behalf of the plaintiff, upon the evidence than was authorized by the facts in the case.

3. There was no other error requiring a reversal of the judgment.

4. The court erred in overruling the motion for a new trial.

*Judgment reversed.*

DECIDED JUNE 5, 1916.

Complaint; from city court of Bainbridge—Judge Spooner. October 30, 1915.

Mrs. Booth was sued upon her promissory note payable to the plaintiff, and pleaded that it was given to secure the payment of a debt of her husband. From the evidence it appeared, without contradiction, that her husband went to the plaintiff's salesman to buy shoes for his store, and the salesman, after inquiry as to his financial condition, declined to sell the shoes to him, but offered to let him have a certain lot of shoes if Mrs. Booth would give her note for the purchase-price, and the husband took to her the note sued on, which was prepared by the plaintiff's salesman, and procured her signature to it and forwarded it to the salesman, and

afterwards the shoes were received by the husband, addressed to him, and were sold by him in his store. The wife had no interest in the store and was not in business of any kind. She owned some property, and the plaintiff's salesman testified that on being informed of this and that she was "good financially," he told the husband that he would have the shoes "shipped out," if the husband would procure her signature to the note; and on receipt of the note through the mail, he telegraphed for the shoes to be shipped. He did not see or talk with her until after the suit was brought. The verdict was for the plaintiff, and the case came to this court on exceptions to the overruling of the defendant's motion for a new trial. In the ground referred to in paragraph 2 of the decision it is alleged that the court erred in charging the jury as follows:

"If you should find that the sale was about to be made to her husband, and that upon inquiry and further investigation the insolvency of her husband was ascertained, or that his financial condition was unsafe to the extent that the seller did not want to assume the risk by selling to him, and that the plaintiff in the case refused to sell to the husband, but that the sale was made to the wife, not as a surety, but to her individually, and that the sale was the original undertaking by the wife, and that she gave up her note closing up the transaction as her individual transaction, and that has been shown to your satisfaction by a preponderance of the evidence, you ought to find in favor of the plaintiff." It was contended that these instructions were not authorized by the evidence.

*Will H. Krause, W. V. Custer,* for plaintiff in error.
*Harrell & Wilson,* contra.